## APPEAL OF ESTATE OF JOHN C. F. SLAYTON.

Docket No. 6383.   Submitted February 21, 1926.   Decided April 20, 1926.

> Gifts to a city of an organ and a fund for its maintenance are not deductible as charitable contributions under the Revenue Act of 1918.

*G. Noyes Slayton, Esq.*, for the taxpayer.
*Bruce A. Low, Esq.*, for the Commissioner.

Before GRAUPNER and TRAMMELL.

#### FINDINGS OF FACT.

The decedent, at the time of his death, was a resident of Massachusetts.

During the fiscal year ended March 31, 1919, the decedent erected and installed an organ in the Memorial Building of the City of Melrose, at a cost of $25,300, and presented it to the city. In offering the organ to the mayor and the board of aldermen the decedent stated in a letter of January 22, 1919:

> Recognizing the desirability of developing the musical sentiment of our Community, and wishing to offer a Memorial to those of our boys who have paid the last great price, and to all soldiers and sailors of Melrose, who during the World War have laid their all on the altar of human liberty, I beg to submit the following:
> I will, at my own expense, install on the rear of the stage of the Memorial Building, a grand organ, similar in construction and musical expression, to the one in the Municipal Building at Portland, Maine, to be dedicated to the purpose herein stated.   *   *   *

Should the foregoing meet with your approval, it will be my pleasure to deposit in trust with the City Treasurer, on or before the date of completion of the organ a 4% New York City Bond, for the sum of $10,000—to be reinvested at maturity in Government, State, or Municipal Bonds,—or other strong banking institution—there to remain cumulative, subject to the order of the Advisory Committee of the Memorial Building, by a two-thirds vote of its members, for the following purposes, to wit:

Important repairs and renewals of said organ and such future improvements thereof as may be deemed desirable by said Advisory Committee,—and also for the purpose of promoting public musical education in this Community in connection with this instrument.

It is the desire of all that our building may continue to be the medium, through which the patriotic and social life of our city, shall find its best expression—that the example of the Heroes of 61–65 may continue to be emulated—that the last days of those remaining be made best—and that the life of the Heroes of 1914–19—with youth, high hopes, and happy achievements before them, may take on a new and deeper significance.

The Board of Aldermen, on January 27, 1919, accepted the gift by the following resolution:

CITY OF MELROSE,
*In Board of Aldermen, Jan. 27, 1919.*

It is unanimously voted:

That the City of Melrose, by its Mayor and Board of Aldermen, with deep appreciation and gratitude, accepts the splendid gift from its honored and beloved citizen, Mr. John C. F. Slayton, of the Grand Organ to be placed by him in the Memorial Building " as a Memorial to those of our boys who have paid the last great price, and to all soldiers and sailors of Melrose, who during the World War have laid their all on the altar of human liberty," together with the fund of $10,000.

That we are deeply appreciative of this splendid gift and its great patriotic purpose, and of its great value to our City in its services to all our people; in extending its reputation and good name, and in increasing the importance, service and influence of our Memorial Building.

That we approve of the conditions and suggested ordinances in relation to the care and use of the organ, which are suggested in the communication, and that they be referred to a committee for preparation and adoption by the City Government.

That a special committee of three (3) be appointed by the President to draw up and present for adoption by the City Government a suitable form of vote, more expressive of the appreciation of our City for this great gift, and its formal acceptance, and that such vote be properly engrossed and presented to Mr. Slayton.

Passed January 27, 1919.

ALBERT M. TIBBETTS,
*President of the Board of Aldermen.*

January 30, 1919.
Approved:

CHARLES H. ADAMS,
*Mayor.*

January 27, 1919.   In Board of Aldermen.   Immediately considered and unanimously ordained.

W. DeHaven Jones, *Clerk.*

During the fiscal year April 1, 1919, to March 31, 1920, the decedent created and set aside a trust fund of $10,000 for the maintenance of the organ. The income from the trust fund was to be paid out on the order of the Advisory Committee of the Memorial Building by a two-thirds vote of its members, as set forth in the letter of decedent above quoted.

The contribution of the organ and the trust fund for its maintenance were intended as a gift to the city as a memorial to the soldiers and sailors of the World War and to encourage musical education in the community. The organ was used in community meetings and was also used on Sundays and at other times for organ recitals for the benefit of the public.

OPINION.

TRAMMELL: The petitioners contend that the cost of the organ and the amount of the trust fund set aside for its maintenance are deductible under section 214 (a) of the Revenue Act of 1918. That section of the statute is as follows:

(a) That in computing net income there shall be allowed as deductions: * * *

(11) Contributions or gifts made within the taxable year to corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to the special fund for vocational rehabilitation authorized by section 7 of the Vocational Rehabilitation Act, to an amount not in excess of 15 per centum of the taxpayer's net income as computed without the benefit of this paragraph. Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the Commissioner, with the approval of the Secretary. In the case of a nonresident alien individual this deduction shall be allowable only as to contributions or gifts made to domestic corporations, or to such vocational rehabilitation fund.

The Commissioner disallowed the deductions claimed, upon the ground that the statute made no provision for such a deduction in that the gifts were not to a corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals.

The Revenue Act of 1921, section 214 (a) (11), provides as follows:

Contributions or gifts made within the taxable year to or for the use of:
(A) The United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, or exclusively for public purposes. * * *

The above provision of the 1921 Act was not contained in the Revenue Act of 1918. The taxpayer contends that this provision

which was added in the 1921 Act was interpretative and not an enlargement of the same section of the 1918 Act.

We are unable to agree with the taxpayer's contention. The deductions allowed on account of charitable contributions are purely statutory, and the Board can not supply an omission in the statute. It is clear that a municipal corporation is not a corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, and we must interpret the statute as we find it. Its language is clear and unambiguous and leaves no room for doubt or the application of any rules of construction applicable to doubtful statutes. The gifts made by the decedent are not deductible under the Revenue Act of 1918.

*The deficiencies are redetermined to be $6,194.60 for the fiscal year ending March 31, 1919, and $3,126.99 for the fiscal year ending March 31, 1920. Order will be entered accordingly.*